**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Walter CORTES, Defendant—
Appellant.**

No. 03–50111.
D.C. No. CR–00–00848–ABC.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Sept. 1, 2005.

Carole C. Peterson, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

ORDER and MEMORANDUM **

The panel has voted to grant the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

rehear the matter en banc. *See* Fed. R.App. P. 35.

The petition for panel rehearing is granted, and the petition for rehearing en banc is denied.

The Memorandum Disposition filed August 13, 2004, is WITHDRAWN and replaced with the following Memorandum Disposition:

Walter Cortes appeals the 97–month sentence imposed following his jury trial conviction for attempted car-jacking, in violation of 18 U.S.C. § 2119. We have jurisdiction pursuant to 18 U.S.C. § 3742.

Because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 911 (9th Cir.2005) (extending *Ameline'*s limited remand procedure to cases involving non-constitutional *Booker* error).

REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 363.